IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> STERIS CORPORATION, *et al.*, <br><br> Defendants. | Case No. 1:15-cv-1080-DAP <br><br> The Hon. Dan A. Polster |

### PROTECTIVE ORDER

For the purpose of protecting the interests of the parties and third parties in the above-captioned matter against improper use and disclosure of confidential information submitted or produced in connection with this matter:

IT IS HEREBY ORDERED THAT this Protective Order shall govern the handling of all Protected material, as hereafter defined.

1. As used in this Protective Order, "Confidential" material shall refer to any document or portion thereof that contains privileged information, competitively sensitive

information, or sensitive personal information that is not otherwise designated "Highly Confidential" material. "Sensitive personal information" shall refer to, but shall not be limited to, an individual's Social Security number, taxpayer identification number, financial information, credit card or debit card number, driver's license number, state-issued identification number, passport number, date of birth (other than year), and any sensitive health information identifiable by individual, such as an individual's medical records. "Competitively sensitive information" shall refer to, but is not limited to, trade secrets or other confidential research, development, commercial, and financial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and in the cases so construing that rule. "Document" shall refer to any discoverable writing, recording, transcript of oral testimony, or electronically stored information in the possession of a party or a third party.

2. "Commission" shall refer to the Federal Trade Commission ("FTC"), or any of its employees, agents, attorneys, and all other persons acting on its behalf, excluding persons retained as consultants or experts for purposes of this proceeding. "Producing Party" shall mean any defendant or non-party to this matter, or in a Commission investigation or administrative proceeding.

3. "Highly Confidential" material shall refer to material that contains any of the following categories of competitively sensitive information that has not otherwise been disclosed: (1) specific cost, pricing, sales, revenue, or margin information relating to a Producing Party or a customer of a Producing Party; (2) specific current or future pricing plans; (3) specific information on capacity or plans for capacity expansion; (4) proprietary technology and know-how; or (5) current or future Strategies or Policies Related to Competition. "Strategies or Policies Related to Competition" means information relating to a company's approach to

negotiating with specific customers, targeting specific customers, identifying or in any other manner attempting to win specific customers, retaining specific customers, or risk of loss of specific customers, including, but not limited to, all sales personnel call reports, market studies, forecasts, and surveys which contain such information."

      4.     "Protected" material shall refer to any information designated, in proper accordance with this Order, as "Confidential" or "Highly Confidential."

      5.     Any document or portion thereof submitted by a Defendant or a third party during an FTC investigation or during the course of this proceeding that is entitled to confidentiality under the Federal Trade Commission Act, or any other federal statute or regulation, or under any federal court or Commission precedent interpreting such statute or regulation, as well as any information that discloses the substance of the contents of any Confidential materials derived from a document subject to this Protective Order, shall be treated as Confidential material for purposes of this Protective Order. The identity of a third party submitting such Confidential material shall also be treated as Confidential material for the purposes of this Protective Order where the submitter has requested such confidential treatment. However, defense counsel shall be permitted to disclose the identity of a third-party submitter to an employee of a Defendant after first giving notice to counsel for the FTC that defense counsel intends to make such disclosure for the purpose of preparing the defense. If a Producing Party wishes to designate a document, or portion thereof, or category of documents previously submitted by it during a Commission investigation as Highly Confidential, it shall notify the parties in this matter within seven (7) business days of entry of this Order, specifying each such document, or portion thereof, or category of documents. During this notification period, such designated material previously submitted to the Commission shall be treated by the parties as Highly Confidential.

6. The parties and any third parties, in complying with informal discovery requests, disclosure requirements, or discovery demands in this proceeding may designate any responsive document or portion thereof as Protected material, including documents obtained by them from third parties pursuant to discovery or as otherwise obtained.

7. The parties, in conducting discovery from third parties, shall provide to each third party a copy of this Protective Order so as to inform each third party of his, her, or its rights herein.

8. A designation of material as "Confidential" shall constitute a representation in good faith and after careful determination that the material is not reasonably believed to be already in the public domain and that counsel believes the material so designated constitutes Confidential material as defined in Paragraph 1 of this Order.

9. A designation of material as "Highly Confidential" shall constitute a representation in good faith and after careful determination that the material is not reasonably believed to be already in the public domain and that counsel believes the material so designated constitutes Highly Confidential material as defined in Paragraph 3 of this Order.

10. Material may be designated as "Confidential" by placing on or affixing to the document containing such material (in such manner as will not interfere with the legibility thereof), or, if an entire folder or box of documents is confidential, by placing or affixing to that folder or box, a designation that identifies the document as being Confidential. Confidential information contained in electronic documents may also be designated as "Confidential" by placing a designation that identifies the information as Confidential on the face of the CD or DVD or other medium on which the document is produced. Masked or otherwise redacted copies of documents may be produced where the portions masked or redacted contain privileged

material, provided that the copy produced shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor.

11. Material may be designated as "Highly Confidential" by placing on or affixing to the document containing such material (in such manner as will not interfere with the legibility thereof), or, if an entire folder or box of documents is confidential, by placing or affixing to that folder or box, a designation that identifies the document as being Highly Confidential. Highly Confidential information contained in electronic documents may also be designated as "Highly Confidential" by placing a designation that identifies the information as Highly Confidential on the face of the CD or DVD or other medium on which the document is produced. Masked or otherwise redacted copies of documents may be produced where the portions masked or redacted contain privileged material, provided that the copy produced shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor.

12. Nothing in this Order precludes any submitter of Protected material from re-classifying its own material previously designated "Highly Confidential" as "Confidential" at any time.

13. If reasonably segregable material designated Highly Confidential appears in a document that is otherwise Confidential or non-protected, the Producing Party shall produce along with the Highly Confidential version of the document a separate document that visibly redacts the Highly Confidential material, noting the redaction, and the redacted document may be treated as Confidential or unprotected, respectively.

14. Confidential material shall be disclosed only to: (a) the Court presiding over this proceeding, personnel assisting the Court, the Plaintiff, Plaintiff's employees, and personnel retained by Plaintiff as experts or consultants for this proceeding; (b) judges and other court

5

personnel of any court having jurisdiction of any appellate proceeding involving this matter; (c) outside counsel of record for any Defendant, their associated attorneys, and other employees of their law firm(s), provided they are not employees of a Defendant; (d) anyone retained to assist outside counsel in the preparation or hearing of this proceeding including consultants, provided they are not affiliated in any way with a Defendant and have signed an agreement to abide by the terms of this Protective Order; (e) any witness or deponent who may have authored or received the information in question; and (f) Defendant STERIS Corporation's employee identified on Exhibit A hereto, and his secretaries and paralegals. Defendant STERIS Corporation's employee identified on Exhibit A hereto and his secretaries and paralegals may only access Confidential material in person at the offices of their outside counsel, or using a secure electronic data room or document review platform using individual login identifications and passwords.

15. Highly Confidential material shall be disclosed only to: (a) the Court presiding over this proceeding, personnel assisting the Court, the Plaintiff, Plaintiff's employees, and personnel retained by Plaintiff as experts or consultants for this proceeding; (b) judges and other court personnel of any court having jurisdiction of any appellate proceeding involving this matter; (c) outside counsel of record for any Defendant, their associated attorneys, and other employees of their law firm(s), provided they are not employees of a Defendant; (d) anyone retained to assist outside counsel in the preparation or hearing of this proceeding including consultants, provided they are not affiliated in any way with a Defendant and have signed an agreement to abide by the terms of this Protective Order; and (e) any witness or deponent who may have authored or received the information in question. The parties shall promptly report any confirmed or suspected unauthorized use or disclosure of Protected material to the Court and to the other parties.

16. Disclosure of Protected material to any person described in Paragraphs 14 and 15 of this Protective Order shall be only for the purposes of the preparation and hearing of this proceeding, or any appeal therefrom, and for no other purpose whatsoever, provided, however, that the Commission may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose Protected material as provided by its Rules of Practice, sections 6(f) and 21 of the Federal Trade Commission Act; or any other legal obligation imposed upon the Commission.

17. In the event that any Protected material is contained in any pleading, motion, exhibit or other paper filed, or to be filed, with the Court, the Court shall be so informed by the party filing such papers, and such papers shall be filed under seal and/or *in camera* as appropriate. Protected material contained in the papers shall continue to have sealed and/or *in camera* treatment, provided, however, that such papers may be furnished to persons or entities who may receive Protected material pursuant to Paragraphs 14 or 15. Upon or after filing any paper containing Protected material, the filing party shall file on the public record a duplicate copy of the paper that does not reveal Protected material. Further, if the protection for any such material expires or is waived, a party may file on the public record a duplicate copy which also contains the formerly Protected material.

18. Counsel for all parties to this action shall use their best efforts to avoid the need to disclose the contents of any Protected materials when questioning witnesses or making arguments during the hearing.

19. Where it is not possible to avoid disclosing the contents of Protected materials during witness examinations, counsel for all parties shall use their best efforts to consolidate their questioning regarding Protected materials to a single portion of their examination of that

7

witness, such as at the beginning or end of the examination, and shall notify the Court and counsel for the other parties before proceeding with such questioning. For that portion of the witness examination, the Court shall close the courtroom to the public and any employee representatives of the Defendants who are not authorized to view the Protected material.

20. If Protected materials are used during the hearing by counsel for any party, such materials shall be displayed in Court in a manner that shows them only to the testifying witness, counsel, and the Court.

21. If any party receives a discovery request in any investigation or in any other proceeding or matter that may require the disclosure of Protected material submitted by another party or third party, the recipient of the discovery request shall promptly notify the submitter of the receipt of such request. Unless a shorter time is mandated by an order of a court, such notification shall be in writing and be received by the submitter at least 10 business days before production, and shall include a copy of this Protective Order and a cover letter that will apprise the submitter of its rights hereunder. Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Protected material, to subject itself to any penalties for non-compliance with any such order, or to seek any relief from the Court. The recipient shall not oppose the submitter's efforts to challenge the disclosure of Protected material. In addition, nothing herein shall limit the applicability of Rule 4.11(e) of the Commission's Rules of Practice, 16 C.F.R. § 4.11(e), to discovery requests in another proceeding that are directed to the Commission.

22. At the time that any consultant or other person retained to assist counsel in the preparation of this action concludes participation in the action, such person shall return to

counsel all copies of documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda, or other papers containing confidential information. At the conclusion of this proceeding, including the exhaustion of judicial review, the parties shall return documents obtained in this action to their submitters, or shall certify to the submitters that such documents have been destroyed, provided, however, that the Commission's obligation to return documents shall be governed by the provisions of Rule 4.12 of the Rules of Practice, 16 C.F.R. § 4.12.

23. The provisions of this Protective Order, insofar as they restrict the communication and use of confidential discovery material, shall, without written permission of the submitter or further order of the Court, continue to be binding after the conclusion of this proceeding.

ISSUED this <u>23</u> day of <u>June</u>, 2015, at ____ a.m./p.m.

ORDERED:

<u>s/ Dan Aaron Polster</u><br>
United States District Judge

## Exhibit A

1. J. Adam Zangerle, Vice President, General Counsel, and Secretary, STERIS Corporation